KATE E. CATHERS, *Appellant*, v. THE NATIONAL BANK
OF COMMERCE OF WICHITA, *Appellee*.

No. 17,222.

HEADNOTE BY THE REPORTER.

CHECKS—*Forgery*—*Fraud*—*Duress*—*Notice*. The evidence held
to be sufficient to prove the execution of the check in contro-
versy, and that neither the facts pleaded by plaintiff nor any
evidence offered or produced was sufficient to put the defendant
upon inquiry as to whether the check was procured from plain-
tiff by fraud or duress. ·

Appeal from Sedgwick district court. Opinion filed
October 7, 1911. Affirmed.

*John W. Adams*, and *George W. Adams*, for the ap-
pellant.

*R. R. Vermilion*, and *Earle W. Evans*, for the ap-
pellee.

*Per Curiam:* The plaintiff brings this action to re-
cover the sum of ten thousand dollars and interest
which she alleges in her petition she authorized the
defendant bank to collect for her and to place to her
credit in its bank. She alleges that the defendant did
collect said sum of money for her, and although she has
at divers times demanded the repayment to her, since
it was received by the bank, the defendant has at all
times refused to do so.

The answer of the bank admits the collection and
receipt of the money, as alleged by the plaintiff, but
alleges that it paid out the entire amount to one S. C.
Harrison upon a check executed by the plaintiff to him
before any repayment to the plaintiff was demanded
by her.

In reply the plaintiff denied that she ever delivered
or executed the check referred to in defendant's answer
but that the same was forged and fraudulent. The
plaintiff also set forth an unconsummated agreement

Cathers v. Bank of Commerce.

between herself and the officers of the bank by the terms of which she was to deposit two thousand dollars of the sum in the savings department of the bank and to receive for the remainder four time deposit certificates of $2000 each. She further alleged that Harrison was in bad repute, irresponsible, and that the defendant either knew the facts or could have known them in the exercise of reasonable diligence and did not exercise such diligence to protect her interests before paying out the money to Harrison. These latter allegations the court struck from the reply, and on leave of court the plaintiff filed an amended reply which the court, on motion, struck out for the reason that it contained practically the same matter as had been stricken out of the first reply. Whereupon the plaintiff asked leave to present reasons why she should be allowed to file an amended reply setting up the question of diligence on the part of the defendant. Thereupon the court set a time for such hearing and, at the time set, the plaintiff asked for a further extension of the time to present such reasons. The court refused to extend the time for such hearing and the trial was had upon the petition, answer, and the portions of the reply not stricken out.

Much space is occupied by the plaintiff in showing that this ruling was prejudicial to plaintiff, but if the case had been tried with the original reply, or the reply as amended, the determination of the case would still have depended upon the questions whether plaintiff in fact executed and delivered to S. C. Harrison the check in question and whether the defendant paid the check in good faith. The plaintiff also contends that the court misdirected the jury by instructing that a mere suspicion on the part of the bank that Harrison had not rightfully obtained the check was insufficient to put the bank upon inquiry, but that actual notice of such fact was necessary to require the defendant bank to make an investigation before paying the check. If the evidence were close and conflicting as to whether the plain-

tiff voluntarily executed and delivered the check to Harrison there might be a difference of opinion whether the instructions referred to were strictly accurate. But this can not be said.

A photograph of the check with her signature, and the photographs of other instruments in writing with a signature attached which was either admitted or proven to be the signature of the plaintiff, were offered in evidence. Moreover the plaintiff stands alone in denying the execution of the check in question while ten other witnesses stated, in substance, that after the plaintiff was informed that the check had been honored and the amount paid to Harrison she admitted to them, or in their hearing, that she did give the check to Harrison, and in practically every instance that she said she had a real-estate transaction with Harrison or that he proposed to invest the money in real estate for her and that he had given her his note for the amount, ten thousand dollars. Of these ten witnesses it appears that six were not connected with the bank. One of the six was the sheriff of the county, another the city attorney, another a policeman, one was the cashier of another bank, and two were newspaper reporters. And it does not appear that she stated to any of them that Harrison drugged her, as she claims in her testimony, or used any improper means to obtain her check other than that he imposed upon her confidence in obtaining the check and abused it in obtaining the money and fleeing from the country.

We do not rest the affirmation of the judgment upon the preponderance of the evidence but hold that neither the facts pleaded in the portion of the reply and amended reply which were stricken out nor any evidence offered or produced was sufficient to put the defendant upon inquiry as to whether the check in question was procured from defendant by fraud or duress.

The case was fairly tried and the judgment is affirmed.